UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MILA US INC,

                Plaintiff,

      v.

NVIDIA CORPORATION,

            Defendant.

Case No.  1:25-cv-1359

**JURY TRIAL DEMANDED**

COMPLAINT FOR PATENT INFRINGEMENT
AGAINST NVIDIA CORPORATION

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Mila US Inc ("Plaintiff" or "Mila") makes the following allegations against Defendant Nvidia Corporation ("Defendant" or "Nvidia"):

**INTRODUCTION**

1.    This complaint arises from Nvidia's unlawful infringement of the following United States patents concerning improvements in image processing:  United States Patent Nos. 7,924,296 ("the '296 Patent"), 7,805,578 ("the '578 Patent"), 7,757,048 ("the '048 Patent"), 8,275,975 ("the '975 Patent"), and 7,966,436 ("the '436 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2.    Plaintiff Mila US Inc is a Texas corporation with its principal place of business at 6500 River Place Blvd, Building 7, Suite 250, Austin, Texas 78730.  Mila is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3.      Defendant Nvidia Corporation is a Delaware corporation with its principal place of business at 2701 San Tomas Expressway, Santa Clara, CA 95050.  Nvidia is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Nvidia in this action because Nvidia has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Nvidia would not offend traditional notions of fair play and substantial justice.  Nvidia maintains several places of business within the State of Texas, including at 11001 Lakeline Boulevard, Suite #100 Building 2, Austin, Texas 78717.  Nvidia, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, and selling products that infringe the Asserted Patent.  Nvidia is registered to do business in the State of Texas, and has appointed as its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Nvidia is registered to do business in Texas, and upon information and belief, Nvidia has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among

other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Nvidia has regular and established places of business in this District, including at 11001 Lakeline Boulevard, Suite #100 Building 2, Austin, Texas 78717.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,924,296

7.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in 7,924,296, titled "System and method for DMA controlled image processing." The '296 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '296 Patent is attached as Exhibit 1.

9.    On information and belief, Nvidia has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the mobile processors and GPUs (*e.g.*, Pascal, Turing, Ampere and Ada architectures) with Multi-Plane Overlay functionality (including but not limited to all GTX10 series, RTX20 series, RTX30 series, RTX40 series, RTX A series, GeForce, Quadro, and Tegra processors) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '296 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10.    The Accused Products satisfy all claim limitations of one or more claims of the '296 Patent. A claim chart comparing exemplary independent claim 21 of the '296 Patent to representative Accused Products is attached as Exhibit 2.

11.    On December 3, 2024, Mila sent Nvidia a letter indicating that Nvidia's "various products infringe MILA patents," and identified the asserted '296, '578, '048, '975, and '436 Patents.  Ex. 3 (Dec. 3, 2024 Notice Letter).  Mila sent another letter on March 13, 2025 to Nvidia, which reiterated the points in the December 3 letter.  Exs. 4-6 (March 13, 2025 Letters).  On April 15, 2025, Nvidia responded to Mila, indicating that it "will investigate the intellectual property you have referenced."  Ex. 7 (April 15, 2025 Letter).

12.    Nvidia knowingly and intentionally induces infringement of one or more claims of the '296 Patent in violation of 35 U.S.C. § 271(b).  As of December 3, 2024 (or at least as of the time of the filing and service of this complaint), Nvidia has knowledge of the '296 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '296 Patent, Nvidia continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '296 Patent.  For example, Nvidia advertises that the Accused Products include "blending" among multiple display windows.  *See* Ex. 8 (Nvidia Tegra X1 Mobile Processor Technical Reference Manual v.1.3p) at 696-97.  Nvidia also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through the use of the display controller and use of "[l]ayered blending among all windows."  *See id.*  Nvidia provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Nvidia also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '296 Patent, thereby specifically intending for and inducing its customers to infringe the '296 Patent through the customers' normal and customary use of the Accused Products.

13.    Nvidia has also infringed, and continues to infringe, one or more claims of the '296 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '296 Patent, are especially made or adapted to infringe the '296 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of December 3, 2024 (or at least as of the time of filing and service of this complaint), Nvidia has knowledge of the '296 Patent and the infringing nature of the Accused Products.  Nvidia has been, and currently is, contributorily infringing the '296 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Nvidia's mobile processors and GPUs products with Multi-Plane Overlay functionality constitute a material part of the inventions claimed in the '296 Patent, are especially made or adapted to infringe the '296 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 2.

14.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Nvidia has injured Plaintiff and is liable for infringement of the '296 Patent pursuant to 35 U.S.C. § 271.

15.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '296 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '296 Patent during the relevant time period or were not required to mark during the relevant time period.

16.    As described above, Nvidia obtained knowledge of Mila's patent portfolio and that certain Nvidia products infringe Mila's patents as of at least December 3, 2024, but has not ceased

its infringing activities. Nvidia's infringement of the '296 Patent has been and continues to be willful and deliberate. Nvidia also has knowledge of the '296 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

17.    As a result of Nvidia's direct and indirect infringement of the '296 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Nvidia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Nvidia, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,805,578

18.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in 7,805,578, titled "Data processor apparatus and memory interface." The '578 Patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 2010. A true and correct copy of the '578 Patent is attached as Exhibit 9.

20.    On information and belief, Nvidia has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Nvidia's products based on and/or using "Tensor Core" Graphics Processing Unit ("GPU") architectures (such as Nvidia's "Hopper," and "Blackwell" GPUs, including at least the H200, H100, B100, and B200 Tensor Core GPUs, the DGX H100 the DGX H200) and Nvidia products with architectures that combine Central Processing Units ("CPUs") (such as Nvidia's "Grace" CPU) with NVIDIA

GPUs (such as Nvidia's Grace Hopper and Grace Blackwell architectures, including at least the Nvidia GH200 Grace Hopper Superchip and the Nvidia GB200 Grace Blackwell Superchip) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '578 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

21.    The Accused Products satisfy all claim limitations of one or more claims of the '578 Patent.  A claim chart comparing exemplary independent claim 1 of the '578 Patent to representative Accused Products is attached as Exhibit 10.

22.    On December 3, 2024, Mila sent Nvidia a letter indicating that Nvidia's "various products infringe MILA patents," and identified the asserted '296, '578, '048, '975, and '436 Patents. Ex. 3 (Dec. 3, 2024 Notice Letter).  Mila sent another letter on March 13, 2025 to Nvidia, which reiterated the points in the December 3 letter.  Exs. 4-6 (March 13, 2025 Letters).  On April 15, 2025, Nvidia responded to Mila, indicating that it "will investigate the intellectual property you have referenced."  Ex. 7 (April 15, 2025 Letter).

23.    Nvidia knowingly and intentionally induces infringement of one or more claims of the '578 Patent in violation of 35 U.S.C. § 271(b).  As of December 3, 2024 (or at least as of the time of the filing and service of this complaint), Nvidia has knowledge of the '578 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '578 Patent, Nvidia continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 10) to use the Accused Products in ways that directly infringe the '578 Patent.  For example, Nvidia advertises that the Accused Products include the "Tensor Memory Accelerator (TMA)" and GigaThread thread Scheduler.  *See* Ex. 11 (https://developer.nvidia.com/blog/nvidia-hopper-architecture-in-depth/);    Ex.    12

(https://resources.nvidia.com/en-us-hopper-architecture/nvidia-h100-tensor-c) at 11; Ex. 13 (https://www.nvidia.com/content/PDF/fermi_white_papers/NVIDIAFermiComputeArchitecture Whitepaper.pdf) at 18.  In addition, Nvidia advertises the benefits of its NVLink/NVSwitch GPU functionality.  *See* Ex. 14 (https://resources.nvidia.com/en-us-dgx-systems/dgx-ai-4?ncid=no- ncid); Ex. 12 (https://resources.nvidia.com/en-us-hopper-architecture/nvidia-h100-tensor- c?ncid=no-ncid) at 47.  Nvidia also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through the use of the CUDA C++ programming guide.  *See* Ex. 15 (https://docs.nvidia.com/cuda/cuda-c-programming-guide/). Nvidia provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Nvidia also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '578 Patent, thereby specifically intending for and inducing its customers to infringe the '578 Patent through the customers' normal and customary use of the Accused Products.

24.    Nvidia has also infringed, and continues to infringe, one or more claims of the '578 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '578 Patent, are especially made or adapted to infringe the '578 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of December 3, 2024 (or at least as of the time of filing and service of this complaint), Nvidia has knowledge of the '578 Patent and the infringing nature of the Accused Products.  Nvidia has been, and currently is, contributorily infringing the '578 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Nvidia's products based on and/or using "Tensor Core" GPU architectures with Tensor Memory Accelerator (TMA),

GigaThread thread Scheduler, and/or NVLink/NVSwitch functionality constitute a material part of the inventions claimed in the '578 Patent, are especially made or adapted to infringe the '578 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 10.

25.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Nvidia has injured Plaintiff and is liable for infringement of the '578 Patent pursuant to 35 U.S.C. § 271.

26.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '578 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '578 Patent during the relevant time period or were not required to mark during the relevant time period.

27.     As described above, Nvidia obtained knowledge of Mila's patent portfolio and that certain Nvidia products infringe Mila's patents as of at least December 3, 2024, but has not ceased its infringing activities.  Nvidia's infringement of the '578 Patent has been and continues to be willful and deliberate.  Nvidia also has knowledge of the '578 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

28.     As a result of Nvidia's direct and indirect infringement of the '578 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Nvidia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Nvidia, together with interest and costs as fixed by the Court.

**COUNT III**

## INFRINGEMENT OF U.S. PATENT NO. 7,757,048

29.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in 7,757,048, titled "Data processor apparatus and memory interface."  The '048 Patent was duly and legally issued by the United States Patent and Trademark Office on July 13, 2010.  A true and correct copy of the '048 Patent is attached as Exhibit 16.

31.    On information and belief, Nvidia has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Nvidia's products based on and/or using "Tensor Core" Graphics Processing Unit ("GPU") architectures (such as Nvidia's "Hopper" and "Blackwell" GPUs, including at least the H100, B100, and B200 Tensor Core GPUs, the DGX H100 the DGX H200) and Nvidia products with architectures that combine Central Processing Units ("CPUs") (such as Nvidia's "Grace" CPU) with Nvidia GPUs (such as Nvidia's Grace Hopper and Grace Blackwell architectures, including at least the Nvidia GH200 Grace Hopper Superchip and the Nvidia GB200 Grace Blackwell Superchip) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '048 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

32.    The Accused Products satisfy all claim limitations of one or more claims of the '048 Patent.  A claim chart comparing exemplary independent claim 1 of the '048 Patent to representative Accused Products is attached as Exhibit 17.

33.    On December 3, 2024, Mila sent Nvidia a letter indicating that Nvidia's "various products infringe MILA patents," and identified the asserted '296, '578, '048, '975, and '436 Patents.  Ex. 3 (Dec. 3, 2024 Notice Letter).  The December 3 letter also included a chart outlining how Nvidia's CUDA-compatible GPUs infringe the '048 Patent.  Mila sent another letter on March 13, 2025 to Nvidia, which reiterated the points in the December 3 letter.  Exs. 4-6 (March 13, 2025 Letters).  On April 15, 2025, Nvidia responded to Mila, indicating that it "will investigate the intellectual property you have referenced."  Ex. 7 (April 15, 2025 Letter).

34.    Nvidia knowingly and intentionally induces infringement of one or more claims of the '048 Patent in violation of 35 U.S.C. § 271(b).  As of December 3, 2024 (or at least as of the time of the filing and service of this complaint), Nvidia has knowledge of the '048 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '048 Patent, Nvidia continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 17) to use the Accused Products in ways that directly infringe the '048 Patent.  For example, Nvidia advertises that the Accused Products include the "Tensor Memory Accelerator (TMA)" and GigaThread thread Scheduler.  *See* Ex. 11 (https://developer.nvidia.com/blog/nvidia-hopper-architecture-in-depth/); Ex. 12 (https://resources.nvidia.com/en-us-hopper-architecture/nvidia-h100-tensor-c) at 11; Ex. 13 (https://www.nvidia.com/content/PDF/fermi_white_papers/NVIDIAFermiComputeArchitecture Whitepaper.pdf) at 18.  In addition, Nvidia advertises the benefits of its NVLink/NVSwitch GPU functionality.  *See* Ex. 14 (https://resources.nvidia.com/en-us-dgx-systems/dgx-ai-4?ncid=no-ncid); Ex. 12 (https://resources.nvidia.com/en-us-hopper-architecture/nvidia-h100-tensor-c?ncid=no-ncid) at 47.  Nvidia also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through the use of the CUDA C++

programming guide.  *See* Ex. 15 (https://docs.nvidia.com/cuda/cuda-c-programming-guide/).
Nvidia provides these instructions and materials knowing and intending (or with willful blindness
to the fact) that its customers and end users will commit these infringing acts.  Nvidia also
continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its
knowledge of the '048 Patent, thereby specifically intending for and inducing its customers to
infringe the '048 Patent through the customers' normal and customary use of the Accused Products.

35.    Nvidia has also infringed, and continues to infringe, one or more claims of the '048
Patent by selling, offering for sale, or importing into the United States, the Accused Products,
knowing that the Accused Products constitute a material part of the inventions claimed in the '048
Patent, are especially made or adapted to infringe the '048 Patent, and are not staple articles or
commodities of commerce suitable for non-infringing use.  As of December 3, 2024 (or at least as
of the time of filing and service of this complaint), Nvidia has knowledge of the '048 Patent and
the infringing nature of the Accused Products.  Nvidia has been, and currently is, contributorily
infringing the '048 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the
identified hardware and/or software components and functionality in Nvidia's products based on
and/or using "Tensor Core" GPU architectures with Tensor Memory Accelerator (TMA),
GigaThread thread Scheduler, and/or NVLink/NVSwitch functionality constitute a material part
of the inventions claimed in the '048 Patent, are especially made or adapted to infringe the '048
Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as
demonstrated by the evidence cited above and in Exhibit 17.

36.    By making, using, offering for sale, selling and/or importing into the United States
the Accused Products, Nvidia has injured Plaintiff and is liable for infringement of the '048 Patent
pursuant to 35 U.S.C. § 271.

37.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '048 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '048 Patent during the relevant time period or were not required to mark during the relevant time period.

38.    As described above, Nvidia obtained knowledge of Mila's patent portfolio and that certain Nvidia products infringe Mila's patents as of at least December 3, 2024, but has not ceased its infringing activities.  Nvidia's infringement of the '048 Patent has been and continues to be willful and deliberate.  Nvidia also has knowledge of the '048 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

39.    As a result of Nvidia's direct and indirect infringement of the '048 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Nvidia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Nvidia, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,275,975

40.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in 8,275,975, titled "Sequencer controlled system and method for controlling timing of operations of functional units."  The '975

Patent was duly and legally issued by the United States Patent and Trademark Office on September 25, 2012. A true and correct copy of the '975 Patent is attached as Exhibit 18.

42.    On information and belief, Nvidia has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Nvidia products supporting "Multi-Instance GPU" ("MIG") technology (for example, RTX PRO 6000 Blackwell Server Edition, RTX PRO 6000 Blackwell Workstation Edition, RTX PRO 6000 Blackwell Max-Q Workstation Edition, GB200, B200, H100-SXM5. H100-PCIE. H100-SXM5, H100-PCIE, H100 on GH200, H200-SXM5, H200 NVL, A100-SXM4, A100-SXM4, A100-PCIE, A100-PCIE, and A30) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '975 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

43.    The Accused Products satisfy all claim limitations of one or more claims of the '975 Patent. A claim chart comparing exemplary independent claim 1 of the '975 Patent to representative Accused Products is attached as Exhibit 19.

44.    Nvidia obtained notice of the '975 Patent as of at least June 20, 2014 through the Patent Office's Non-Final Rejection identifying the application that issued as the '975 Patent (U.S. Patent App. Pub. No. 2009/0193234) as prior art to U.S. Patent App. No. 13/191,364, which issued as U.S. Patent 10,817,043 to Nvidia.

45.    On December 3, 2024, Mila sent Nvidia a letter indicating that Nvidia's "various products infringe MILA patents," and identified the asserted '296, '578, '048, '975, and '436 Patents. Ex. 3 (Dec. 3, 2024 Notice Letter). Mila sent another letter on March 13, 2025 to Nvidia, which reiterated the points in the December 3 letter. Exs. 4-6 (March 13, 2025 Letters). On April

15, 2025, Nvidia responded to Mila, indicating that it "will investigate the intellectual property you have referenced." Ex. 7 (April 15, 2025 Letter).

46.    Nvidia knowingly and intentionally induces infringement of one or more claims of the '975 Patent in violation of 35 U.S.C. § 271(b). As of December 3, 2024 (or at least as of the time of the filing and service of this complaint), Nvidia has knowledge of the '975 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '975 Patent, Nvidia continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 19) to use the Accused Products in ways that directly infringe the '975 Patent. For example, Nvidia advertises that the Accused Products include Multi-Instance GPU and GPU System Processor (GSP) functionality. *See* Ex. 20 (https://www.nvidia.com/en-us/technologies/multi-instance-gpu/); Ex. 21 (https://www.youtube.com/watch?v=C5A9z_Yk0KA&t=712s). Nvidia also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through the use of the Nvidia open-gpu-kernel modules. *See* Ex. 22 (https://github.com/NVIDIA/open-gpu-kernel-modules/blob/main/src/nvidia/src/kernel/gpu/gsp/arch/ampere/kernel_gsp_ga102.c). Nvidia provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Nvidia also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '975 Patent, thereby specifically intending for and inducing its customers to infringe the '975 Patent through the customers' normal and customary use of the Accused Products.

47.    Nvidia has also infringed, and continues to infringe, one or more claims of the '975 Patent by selling, offering for sale, or importing into the United States, the Accused Products,

knowing that the Accused Products constitute a material part of the inventions claimed in the '975 Patent, are especially made or adapted to infringe the '975 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of December 3, 2024 (or at least as of the time of filing and service of this complaint), Nvidia has knowledge of the '975 Patent and the infringing nature of the Accused Products. Nvidia has been, and currently is, contributorily infringing the '975 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Nvidia's NVIDIA products supporting "Multi-Instance GPU" ("MIG") functionality constitute a material part of the inventions claimed in the '975 Patent, are especially made or adapted to infringe the '975 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 19.

48.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Nvidia has injured Plaintiff and is liable for infringement of the '975 Patent pursuant to 35 U.S.C. § 271.

49.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '975 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '975 Patent during the relevant time period or were not required to mark during the relevant time period.

50.     As described above, Nvidia obtained knowledge of Mila's patent portfolio and that certain Nvidia products infringe Mila's patents as of at least December 3, 2024, but has not ceased its infringing activities. Nvidia's infringement of the '975 Patent has been and continues to be willful and deliberate. Nvidia also has knowledge of the '975 Patent by way of this complaint and,

to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

51.    As a result of Nvidia's direct and indirect infringement of the '975 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Nvidia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Nvidia, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 7,966,436

52.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in 7,966,436, titled "Data transmitter having high and low speed transmission units." The '436 Patent was duly and legally issued by the United States Patent and Trademark Office on June 21, 2011. A true and correct copy of the '436 Patent is attached as Exhibit 23.

54.    On information and belief, Nvidia has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Nvidia's products incorporating a DSI interface (including at least the Nvidia Tegra X1, Jetson TX2, Jetson TX1, and Jetson Nano products) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '436 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

55.    The Accused Products satisfy all claim limitations of one or more claims of the '436 Patent. A claim chart comparing exemplary independent claim 1 of the '436 Patent to representative Accused Products is attached as Exhibit 24.

56.    On December 3, 2024, Mila sent Nvidia a letter indicating that Nvidia's "various products infringe MILA patents," and identified the asserted '296, '578, '048, '975, and '436 Patents. Ex. 3 (Dec. 3, 2024 Notice Letter). Mila sent another letter on March 13, 2025 to Nvidia, which reiterated the points in the December 3 letter. Exs. 4-6 (March 13, 2025 Letters). On April 15, 2025, Nvidia responded to Mila, indicating that it "will investigate the intellectual property you have referenced." Ex. 7 (April 15, 2025 Letter).

57.    Nvidia knowingly and intentionally induces infringement of one or more claims of the '436 Patent in violation of 35 U.S.C. § 271(b). As of December 3, 2024 (or at least as of the time of the filing and service of this complaint), Nvidia has knowledge of the '436 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '436 Patent, Nvidia continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 24) to use the Accused Products in ways that directly infringe the '436 Patent. For example, Nvidia advertises that the Accused Products include the Display Serial Interface (DSI) from the MIPI standard. *See* Ex. 8 (Technical Reference Manual Tegra X1 Mobile Processor, Tegra_X1_TRM_DP07225001_v1.3p.pdf) at 2030; *see also, e.g.,* Ex. 25 (https://openzeka.com/en/wp-content/uploads/2022/08/JetsonNano_DataSheet_DS09366001v1.1-1.pdf?srsltid=AfmBOoqGh4FU8KwBga0kv1h1uMRrJ_UA2dF6zusxFUkZNDP2UwRi0uu6). Nvidia also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through the use of the Display Serial Interface (DSI) from the

MIPI standard. *See* Ex. 8 (Technical Reference Manual Tegra X1 Mobile Processor, Tegra_X1_TRM_DP07225001_v1.3p.pdf) at 2030. Nvidia provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Nvidia also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '436 Patent, thereby specifically intending for and inducing its customers to infringe the '436 Patent through the customers' normal and customary use of the Accused Products.

58.    Nvidia has also infringed, and continues to infringe, one or more claims of the '436 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '436 Patent, are especially made or adapted to infringe the '436 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of December 3, 2024 (or at least as of the time of filing and service of this complaint), Nvidia has knowledge of the '436 Patent and the infringing nature of the Accused Products. Nvidia has been, and currently is, contributorily infringing the '436 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Nvidia's products with Display Serial Interface (DSI) functionality from the MIPI standard constitute a material part of the inventions claimed in the '436 Patent, are especially made or adapted to infringe the '436 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 24.

59.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Nvidia has injured Plaintiff and is liable for infringement of the '436 Patent pursuant to 35 U.S.C. § 271.

60.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '436 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '436 Patent during the relevant time period or were not required to mark during the relevant time period.

61.     As described above, Nvidia obtained knowledge of Mila's patent portfolio and that certain Nvidia products infringe Mila's patents as of at least December 3, 2024, but has not ceased its infringing activities.  Nvidia's infringement of the '436 Patent has been and continues to be willful and deliberate.  Nvidia also has knowledge of the '436 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

62.     As a result of Nvidia's direct and indirect infringement of the '436 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Nvidia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Nvidia, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Nvidia has infringed, either literally and/or under the doctrine of equivalents, the '296, '578, '048, '975, and '436 Patents;

b.     A judgment and order requiring Nvidia to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Nvidia's infringement of the '296, '578, '048, '975, and '436 Patents;

c.     A judgment that Nvidia's infringement of the '296, '578, '048, '975, and '436

Patents has been willful and order requiring Nvidia to pay treble damages for willful infringement;

     d.     A judgment and order requiring Nvidia to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

     e.     A judgment and order requiring Nvidia to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

     f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Nvidia; and

     g.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  August 25, 2025                    Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bclgpc.com
Seth Hasenour (TX SBN 24059910)
shasenour@bclgpc.com
Jonathan Yim (NY SBN 5324967)
jyim@bclgpc.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bclgpc.com
Scott Kolassa (NY SBN 4308409)
skolassa@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Mila US Inc***